# NO. 12-08-00467-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ANDREW ALAN BURT,* *APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*
### *PER CURIAM*

Andrew Alan Burt appeals his conviction for theft. Appellant's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). We dismiss the appeal.

### BACKGROUND

Appellant was charged by information with the offense of theft of the value of $1,500 or more but less than $20,000, a state jail felony.[1] Appellant pleaded guilty to the offense charged in the information. Appellant and his counsel signed an agreed punishment recommendation, an acknowledgment of admonishments, a waiver of service and arraignment, a waiver of confrontation and agreement to stipulate, and a stipulation of evidence judicially confessing to the offense alleged in the information. He also waived his time to file a motion for new trial and a motion in arrest of judgment, his right to appeal, and his right of trial by jury. The trial court accepted Appellant's plea, deferred further proceedings without entering an adjudication of guilt, and ordered that Appellant be placed on deferred adjudication community supervision for three

---

[1] *See* TEX. PENAL CODE ANN. § 31.03(a), (e)(4)(A) (Vernon 2003).

years.[2]  As a condition of his community supervision, Appellant was ordered to pay restitution in an amount to be determined.  Approximately one month later, the trial court amended the conditions of Appellant's community supervision, and ordered that Appellant pay restitution in the amount of $1,728.15.  On October 8, 2008, the State filed a motion to adjudicate and revoke community supervision, alleging that Appellant had violated the terms of his community supervision.  Appellant pleaded "true" to the allegations contained in the State's motion.  After a hearing, the trial court found the allegations in the State's motion to be true,  granted the State's motion to proceed to final adjudication, revoked his community supervision, and adjudged Appellant guilty of theft as charged in the information.  The trial court assessed Appellant's punishment at eighteen months in a state jail facility, court costs, and restitution.[3]  This appeal followed.

### ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders* and *Gainous*, stating that he has diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated.  From our review of Appellant's brief, it is apparent that his counsel is well acquainted with the facts in this case.  In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978), counsel's brief presents a chronological summation of the procedural history of the case, and further states that counsel is unable to raise any arguable issues for appeal.[4]  We have reviewed the record for reversible error and have found none.

---

[2] *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(a) (Vernon Supp. 2009).

[3] An individual adjudged guilty of a state jail felony shall be punished by confinement in state jail for any term of not more than two years or less than 180 days and, in addition, a fine not to exceed $10,000.  TEX. PENAL CODE ANN. § 12.35(a), (b) (Vernon 2003).

[4] Counsel for Appellant certified that he provided Appellant with a copy of counsel's brief and that Appellant was given time to file his own brief in the case.  The time for filing such a brief has expired and we have received no pro se brief.

<u>CONCLUSION</u>

As required, Appellant's counsel has moved for leave to withdraw. *See **In re Schulman***, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding); ***Stafford v. State***, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We are in agreement with Appellant's counsel that the appeal is wholly frivolous and his motion for leave to withdraw is hereby ***granted***. *See **In re Schulman***, 252 S.W.3d at 408-09.

Counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; ***In re Schulman***, 252 S.W.3d at 411 n.35. Should Appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or he must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this court, after which it will be forwarded to the Texas Court of Criminal Appeals along with the rest of the filings in this case. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4; ***In re Schulman***, 252 S.W.3d at 408 n.22.

We ***dismiss*** Appellant's appeal.

Opinion delivered November 18, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

3